UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANGIE WEAVER, § § Plaintiff, § § v. § No. 1:19-cv-00352 § CAPITAL ONE BANK (USA), N.A., § § Defendant. § | |

### COMPLAINT

NOW COMES Plaintiff, ANGIE WEAVER ("Plaintiff"), by his attorneys, and hereby alleges the following against CAPITAL ONE BANK (USA), N.A. ("Defendant"):

Nature of the Action

1. Plaintiff's Complaint arises under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*., the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS 505/1 *et seq*., and for invasion of privacy by intrusion upon seclusion.

Jurisdiction and Venue

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1367, and 47 U.S.C. § 227.

3. 28 U.S.C. § 1367 grants supplemental jurisdiction over the claims arising under the ICFA and invasion of privacy.

4. Venue is proper pursuant to 28 U.S.C. 1391(b)(1) as the conduct giving rise to this action occurred in this district, as Plaintiff resides in this district and Defendant transacts business in this district.

Parties

5. Plaintiff is a natural person residing in Justice, Illinois.

6. Plaintiff is a "consumer" and a "person" as defined by 505/1(c) and (e) of the ICFA.

7. Defendant is a business entity with headquarters located in McLean, Virginia.

8. Defendant's actions toward Plaintiff are "trade" and "commerce" as defined by 815 ILCS 505/1(f).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers

Factual Allegations

10. Defendant has been placing calls to telephone number (708) 813-06XX.

11. Telephone number (708) 813-06XX has been assigned to Plaintiff's cellular telephone.

12. These telephone calls are not for emergency purposes.

13. These telephone calls were in connection with an alleged credit card debt.

14. The alleged debt arises from transactions which were used primarily for personal, family, and/or household purposes.

15. Upon information and good faith belief, and in light of the frequency, number, nature, and character of these calls, and based on Defendant's representations to Plaintiff, Defendant used an automatic telephone dialing system to call Plaintiff's cell phone.

16. On or about October 1, 2018, Plaintiff spoke with one of Defendant's employees.

17. Plaintiff instructed Defendant's employee to (stop calling her cell phone regarding any and all of her accounts).

18. Defendant continued to use an automatic telephone dialing system to call Plaintiff's cell phone after October 1, 2018.

19. Plaintiff estimates that Defendant called her cell phone at least 109 times.

20. Defendant did not have Plaintiff's express consent to use an automatic telephone dialing system to place these calls.

21. Defendant knew that it did not have Plaintiff's express consent to use an automatic telephone dialing system to place these calls.

22. Defendant intended to use an automatic telephone dialing system to place these calls and did so voluntarily, knowingly, and willfully.

23. Plaintiff felt annoyed and harassed by Defendant's calls.

24. Defendant's blatant disregard for Plaintiff's instruction and repeated calls constitute harassment and an invasion of Plaintiff's privacy.

## COUNT I
### Defendant Violated the Telephone Consumer Protections Act

25. Plaintiff repeats, reiterates and incorporates by reference into this cause of action the allegations set forth above with the same force and effect as if the same were set forth at length herein.

26. Defendant's actions alleged *supra* constitute numerous violations of the TCPA, entitling Plaintiff to an award of $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B).

27. Defendant's actions alleged *supra* constitute numerous and multiple knowing and/or willful violates of the TCPA, entitling Plaintiff to an award of $1500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C). Defendant willfully used an automatic telephone dialing system to call Plaintiff's cell phone.

## COUNT II
## Illinois Consumer Fraud and Deceptive Business Practices Act

28. Plaintiff repeats, reiterates and incorporates by reference into this cause of action the allegations set forth above with the same force and effect as if the same were set forth at length herein.

29. The ICFA states:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby.

815 ILCS 505/2.

30. The ICFA also states:

> Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper.

815 ILCS 505/10a

31. Defendant's attempt to collect a debt is part of the conduct of a trade or commerce.

32. Defendant engaged in an unfair business practice with respect to its telephone collection conduct directed against Plaintiff.

33. It was unfair for Defendant to relentlessly call Plaintiff using an ATDS after Plaintiff instructed Defendant to stop calling her.

34. Plaintiff has suffered actual damages as a result of Defendant's unlawful conduct.

## Count III
## Invasion of Privacy for Intrusion Upon Seclusion

35. Plaintiff repeats, reiterates and incorporates by reference into this cause of action

4

the allegations set forth above with the same force and effect as if the same were set forth at length herein.

36. Plaintiff had a reasonable expectation of privacy in her solitude seclusion, private concerns and affairs.

37. Defendant, and/or its agents, negligently and/or intentionally interfered, physically or otherwise, with the solitude, seclusion and private concerns of Plaintiff by repeatedly and unlawfully calling Plaintiff's cellular telephone, and by continuing to call Plaintiff after she clearly asked Defendant to stop.

38. In addition to written mail and e-mail, Defendant continued to call Plaintiff 2-3 times a day after she had asked them to stop, which left her feeling harassed, aggravated, and inconvenienced.

39. The conduct of Defendant, and/or its agents, in engaging in the above-described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy, which occurred in a way that would be highly offensive to a reasonable person in that position.

## Prayer for Relief

WHEREFORE, Plaintiff prays that judgment be entered against the Defendant for the following:

40. Statutory damages of $500.00 for each and every violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(B);

41. Statutory damages of $1500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(b) and 47 U.S.C. § (b)(3)(C);

42. Actual and punitive damages, in an amount greater than $50,000 to be determined at trial, for the underlying violations of the ICFA and/or invasion of privacy;

43. Costs and reasonable attorney fees; and

44. Any other relief to which Plaintiff is entitled and/or that this Honorable Court deems appropriate.

                                                Respectfully submitted,

Dated: January 17, 2019                 /s/ Adam T. Hill
                                                Adam T. Hill
                                                KROHN & MOSS, LTD.
                                                10 N. Dearborn St., 3rd Fl.
                                                Chicago, Illinois 60602
                                                Telephone: 312-578-9428
                                                Telefax: 866-861-1390
                                                ahill@consumerlawcenter.com
                                                Attorneys for Plaintiff